IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



**CRYSTAL GAYLE SMITH**                                             **PLAINTIFF**

VS.                                               CIVIL ACTION NO. 3:12CV583 DPJ-FKB

**LINCOLN COUNTY, LINCOLN COUNTY**
**SHERIFFS DEPARTMENT, SHERIFF STEVE RUSHING;**
**DEPUTY TIMMY MILLER,**
**and JOHN DOES 1-10**

                                                                     **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Crystal Gayle Smith and brings this action against Defendants Lincoln County, Lincoln County Sheriffs Department, Sheriff Steve Rushing, Deputy Timmy Miller and John and Jane Does 1-10 in the above styled cause, and in support hereof would show unto the Court the following:

**I. THE PARTIES**

1.   Plaintiff Crystal Gayle Smith is an adult female resident of Lincoln County, Mississippi residing at 1138 Brumfield Rd., Bogue Chitto, MS, 39629.

2.   Defendant, Lincoln County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Lincoln County

1

Sheriffs Department. Defendant Lincoln County may be served by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors.

3.  Defendant Lincoln County Sheriffs Department, is an entity within Lincoln County, Mississippi. Defendant Lincoln County Sheriffs Department may be served through the group, person, officer or body responsible or for the administration of the Lincoln County Sheriff Department pursuant to Miss. R. Civ. P. 4(d) or by any other lawfully prescribed means of service of process.

4.  Defendant, Steve Rushing, is and was at material times, the Sheriff of Lincoln County, Mississippi, and is an resident citizen of Lincoln County, Mississippi. Defendant Steve Rushing was at all material times acting both individually and as the Sheriff of Lincoln County, Mississippi. As chief law enforcement officer for Lincoln County, Mississippi, Acting with final decision-making authority, Defendant Rushing's actions constitute, in part, both the policy and officially condoned action of Lincoln County, Mississippi, rendering Lincoln County, Mississippi, liable to the Plaintiff in this lawsuit as a political entity.

5.  Defendant, Deputy Timmy Miller, is upon information and belief, an adult resident citizen of Lincoln County, Mississippi and may be personally served wherever he may be found. At all material times, Defendant Miller was a deputy of the Lincoln County Sheriffs Department and was acting under color of state law in his capacity as an officer of the Lincoln County Sheriffs Department, and actions of Defendant Miller were done and performed under the color and pretense of the ordinances, regulations, policies, customs and usages of the Lincoln County, Mississippi and the state of Mississippi.

6.  John Does 1-10 are law enforcement officers and/or officials with policymaking authority for Lincoln County, Mississippi employed by the Lincoln County Sheriffs Department.

The identity of John Does 1-10 is not known to Plaintiff at this time. John Does are sued in both their official and individual capacities as officers and/or officials with policymaking authority for Lincoln County, Mississippi. John Does 1-10, upon information and belief, are adult resident citizens of Lincoln County, Mississippi, whose residence addresses are unknown to Plaintiff. Said Defendants may be served with process when their identity and address becomes known to Plaintiff. Said Defendants, at times material hereto, were acting under color of state law in their official capacity as Deputy Sheriffs with the Lincoln County Sheriffs Department and/or policymaking authority for Lincoln County, Mississippi, and actions of said Defendants were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Lincoln County, Mississippi as created or ratified by those officials with policymaking authority.

## II. JURISDICTION

7.   This court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to state law.

8.   This Court has jurisdiction over the persons and entities named herein as Plaintiff herein consents to the jurisdiction of this Court and each of the Defendants resides in Mississippi and the acts complained of occurred in whole or in part in Lincoln County, Mississippi, such that the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

9.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## III. STATEMENT OF FACTS

10.     Lincoln County Sheriff Deputy Timmy Miller, working in his capacity as a jailer, raped Plaintiff in the jail in Brookhaven, Mississippi in November, 2009 while Plaintiff was an inmate.

11.     The Jail in Brookhaven has inadequate and unsafe housing conditions for female inmates.

12.     Prior to Defendant Miller raping Plaintiff in the jail, in or about 2006, another female inmate was sexually assaulted by a jailer. Those allegations were known throughout the department and, specifically, Sheriff's Officer Dustin Bairfield and Sheriff Steve Rushing were aware of the allegations of sexual assault on a female inmate in 2006. Sheriff Rushing enacted and posted a policy prohibiting male jailers from having one on one access with female inmates. However, prior to Plaintiff being sexually assaulted and raped, Sheriff Rushing and others within the Sheriff's department were aware that the policy against male on female contact in the jail was being violated and not enforced. Specifically, on information and belief, the policy-making officials, including Sheriff Rushing knew that Deputy Timmy Miller and others violated the policy and did not take action to enforce the policy, thereby creating a custom and practice of disregarding the policy and ratifying violations thereof. These actions created conditions that posed a substantial risk of serious harm to the female inmates, including Plaintiff. Exposing female inmates, including Plaintiff, to the risks as described herein, violated contemporary societal standards of decency. The policy making officials, defendants herein, were deliberately indifferent to Plaintiff's need for protection. Plaintiff suffered harm as set forth herein.

13. Approximately two weeks prior to raping Plaintiff, deputy Miller pushed plaintiff against the wall in the hallway of the jailhouse, kissing her and sexually assaulting her. She pushed him away and was able to get away from him, making it clear his advances were unwelcome.

14. Afraid Deputy Miller would attack her again in the hallway, Plaintiff stayed in the cell on the day of the assault and rape in question. The other females were taken out to the yard. Deputy Miller entered her cell and raped Plaintiff. There are no cameras in the cell where Defendant Miller raped plaintiff. There are cameras in other areas to monitor the conduct of jailers and inmates. These cameras, on information and belief were not monitored so as to protect the safety of the inmates. This created additional risk of harm to the inmates, including Plaintiff.

15. Plaintiff informed the office of the district attorney about the rape and provided a statement to the district attorney for Pike and Lincoln Counties.

16. Plaintiff has suffered physical and emotional damages as a result of the violation of her constitutional rights.

## IV. COUNTS

### COUNT I.   DEPRIVATION OF CONSTITUTIONAL RIGHTS BY TIMMY MILLER AND JOHN DOES 1-25

17. The Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

18. This Cause of Action is brought by Plaintiff against the Defendants, and each of them, as well as John Does 1-10 for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

19. The above described actions of Defendants Lincoln County, Lincoln County Sheriff's department, Sheriff Steve Rushing and Deputy Timmy Miller, as well as John Does 1-10, while acting under color of state law, subjected Crystal Gayle Smith to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the Fourth Amendment, the Eighth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

20. Defendants acts violate 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988 and/or the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. As a result of such acts, Crystal Gayle Smith sustained damages, including but not limited to grievous bodily harm, emotional distress and loss of liberty, as set forth herein.

### COUNT 2: DEPRIVATION OF CONSTITUTIONAL RIGHTS BY LINCOLN COUNTY, MISSISSIPPI, STEVEN RUSHING, AND THE LINCOLN COUNTY SHERIFFS DEPARTMENT

21. The Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

22. By and through the conduct of Defendants herein, Crystal Gayle Smith was deprived of constitutional rights, and as a result thereof, Crystal Gayle Smith suffered injury, pain and suffering.

23. Specifically, and in support of such claims, Plaintiff would show at all times material hereto, Defendants were vested with the state authority and non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants implemented a policy, custom, usage or practice wherein the rights, privileges and/or immunities

of Crystal Gayle Smith were violated. Specifically, the Defendants engaged in a course of conduct that resulted in a violation of Crystal Gayle Smith's right to due process rights afforded her under the Constitution of the United States of America, including the right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution. The violations complained of include, but are not limited to, the use of excessive force, deprivation of identifiable civil rights including the right to be free from sexual abuse and deliberate indifference to the safety of Crystal Gayle Smith. Specifically, Defendants Steve Rushing, Lincoln County Sheriffs Department, and Lincoln County implemented a policy designed to keep male officers from having any one on one contact with female inmates. However, Defendants Steve Rushing, Lincoln County Sheriffs Department, and Lincoln County knew that male officers, including Defendant Miller, often violated said policy and had unfettered access to female inmates, including entering female cells without a female officer present. Defendants ratified the policy violations by knowingly failing and refusing to take action to enforce the rules, thereby causing the violation of plaintiff's rights and damages as alleged herein. Such failures on behalf of Defendants amounted to deliberate indifference to the Constitutional rights of Crystal Gayle Smith.

24.   Such acts of Defendants were committed under color of law and under each individual's authority as an officer, agent, or employee of Lincoln County, Mississippi and the Lincoln County Sheriff's department and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health, safety and bodily integrity of Crystal Gayle Smith. As a result, Crystal Gayle Smith suffered sexual abuse, sexual assault, grievous bodily harm, injury, and pain and suffering, including emotional pain and suffering. Plaintiff was deprived of her liberty in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

25. Plaintiff's injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of the defendants and/or their agents or employees including, but not limited to:

   a. The failure of Defendants, individually and/or by and through agents, employees, and servants, to monitor, direct, and supervise the policies and procedures of their officers, agents, employees or servants, thus depriving members of the public, including Crystal Gayle Smith, of their rights under the United States and Mississippi Constitutions;

   b. The failure of Defendants individually and/or by and through agents, employees, and servants to properly and adequately screen, hire, supervise and train the deputies, jailers, employees and agents in the Sheriffs Department and to promulgate and enforce rules and regulations regarding the manner and techniques for the hiring, control, supervision and training of their employees, thus depriving members of the public, including Crystal Gayle Smith, of their rights under the United States and Mississippi Constitutions.

   c. The failure of Defendants individually and/or by and through agents, employees, and servants to establish and/or enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, and/or employees under the circumstances outlined in this Complaint as well as for screening and hiring its employees, thus depriving members of the public, including Crystal Gayle Smith, of their rights under the United States and Mississippi Constitutions.

    d.    The failure of Defendants individually and/or by and through agents, employees, and servants to adequately screen applicants for employment to adequately supervise the actions of officers, agents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including Crystal Gayle Smith, of their rights under the United States and Mississippi Constitutions.

    e.    The failure of Defendants to provide reasonable protection from physical injury to Crystal Gayle Smith in order to avoid the risk of harm to them under the circumstances then and there existing, thus depriving members of the public, including Crystal Gayle Smith, of their rights under the United States and Mississippi Constitutions.

    f.    The intentional, reckless, negligent and/or deliberately indifferent acts and omissions of Defendants constituted policies and customs that evidence a clear violation of and deliberate indifference to the rights and safety of Crystal Gayle Smith under the United States and Mississippi Constitutions.

26.    The County had knowledge of or, had it diligently exercised its duties to screen, instruct, train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were done, as hereto alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incidents complained of herein. Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, and/or with deliberate indifference to the rights of the female inmates, including Crystal Gayle Smith, failed to do so.

27. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Timmy Miller and John Does 1-10 as heretofore described.

28. The acts of Defendants as afore described entitle Plaintiff to an award of compensatory damages. In addition, such acts and omissions were intentional, wanton, malicious, oppressive, and/or undertaken with reckless indifference, thus entitling Plaintiffs to an award of punitive damages against said Defendants in their individual capacity.

29. Defendants' acts violate 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S. C. § 1986, 42 U.S.C. § 1988 and/or the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. As a result of such acts, Plaintiffs sustained damages as set forth herein.

## COUNT 9: PUNITIVE DAMAGES

30. The Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set out herein.

31. The actions of the Defendants were so egregious, callous, malicious, and grossly negligent, as to infer intentional indifference and reckless disregard to the rights of Crystal Gayle Smith. The actions of the Defendants were reprehensible and entitle the Plaintiffs to punitive damages to punish the Defendants from undertaking such actions again and deter others in the same or similar positions from undertaking such wrongful actions.

32. Plaintiff would further state that the deliberate indifference of the Defendants, and each of them if tantamount to an intentional, malicious and bad faith violation of Crystal Gayle Smith's constitutional rights, such that punitive damages should be awarded of, from and against the Defendants, and each of them. Such damages should be awarded in an amount so as to punish the Defendants, so as to make an example of the Defendants to others, so as to deter the Defendants from engaging in such wrongful and unlawful conduct in the future, and so as to reward the Plaintiffs, for bringing such wrongdoers to public account.

## V. DAMAGES

33. As a direct and proximate result of one or more of the aforesaid breaches, violations, acts and omissions on the part of the Defendants, as described herein, Plaintiff requests a trial by jury and seeks to recover the following damages:

    a. Physical Pain and suffering;

    b. Mental anguish and emotional distress;

    c. Past and Future medical expenses and health care costs;

    d. Punitive damages;

    h. Attorneys' fees and expenses pursuant to 42 USC section 1988; and

    i. Post-Judgment interest and all other damages allowed by law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that upon a trial of these causes, judgment be entered against Defendants for all damages available at law to the Plaintiff caused by the acts and/or omissions of the Defendants and other such legal or equitable remedies and relief prayed for herein

Respectfully submitted, this the 16th day of August, 2012

CRYSTAL GAYLE SMITH - PLAINTIFF

By: /s/ John F. Hawkins

JOHN F. HAWKINS

OF COUNSEL:
John F. Hawkins, Esq. (MS Bar No.9556)
HAWKINS | GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627

Telephone: (601) 969-9692; (f) 601.914.3580